# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:10-CV-0440-AKK-JEO |
| | ) | |
| SHEILA FIELD, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF OPINION

Plaintiff Michael Howard (hereinafter referred to as "the plaintiff") has filed a pro se complaint pursuant to 42 U.S.C. §1983, alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States have been abridged. (Doc.1). He names Assistant District Attorney Sheila Field as the only defendant. The plaintiff seeks an order from this court for injunctive relief to prevent the State trial court from conducting an unfair and defective trial. (*Id.*) In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the complaint was referred to a undersigned magistrate judge for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

On July 30, 2010, the magistrate judge entered a Report and Recommendation in which he recommended that this case be dismissed pursuant to the abstention doctrine enunciated in *Younger v. Harris,* 401 U.S. 37 (1971).[1] In response, the plaintiff has not objected to the findings

---

[1] As noted by the magistrate judge:

> Pursuant to the doctrine enunciated in *Younger v. Harris*, 401 U.S. 37 (1971), a federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *Younger*, 401 U.S. at 44-45; *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973) ("[N]othing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses

and conclusions of law articulated by the magistrate judge, but has filed a motion to amend his complaint to add "new parties, remedying the deficiencies, and asserting new claims which presents [sic] a 'Bonafide' federal question that which also circumfere [sic] the peimeters [sic] of the Younger v. Harris, 401 U.S. 37, 97 S. Ct. 746 (1971) doctrine that was enunciated...." (Doc. 10 at 1 of 3).

Although the court is cognizant of FED. R. CIV. P. 15(a)'s proviso that "leave shall be freely given when justice so requires," it is clear that "there is no obligation to allow amendment if to do so would be futile." *Laborers Local 938 Joint Health and Welfare Trust v. B. R. Starnes Co.*, 827 F.2d 1454, 1456 (11th Cir. 1987) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation and the "Plaintiff's Motion for Leave to File Amended Complaint," the Court is of the opinion that the magistrate judge's report is due to be and is hereby adopted and the recommendation is accepted. Accordingly, the complaint is due to be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b). The Court further finds that the motion to amend is due to be denied as it would be futile for the reasons articulated by the magistrate judge in the Report and Recommendation. To allow the plaintiff to amend his complaint against this defendant or other persons associated with the pending prosecution would be futile. To the extent the plaintiff has other defendants against whom he intends to assert new

---

prematurely in Federal court."); *Foy v. Murphy*, No. CIV.A 86-1504, 1986 WL 5820 (E.D. Pa. 1986); *Hutchinson v. Casey*, 507 F. Supp. 521 (S.D. Ohio 1981); *United States ex rel. Bryant v. Shapp*, 423 F. Supp. 471 (D. Del. 1976) ("[T]he petitioner's efforts are designed to forestall a trial in the state court by attempting to prematurely litigate his constitutional defenses in a federal court.").

(Doc. 9 at 3 of 6).

and additional constitutional claims,[2] they must be filed in a new lawsuit.[3]  A Final Judgment will be entered.

      **DATED**, this 27th day of August, 2010.

 

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

---

[2]The plaintiff asserts:

> An amended complaint deals with events that actually occurred before the original complaint was filed, nevertheless, the plaintiff now intends to filed a supplemental complaint that will not interfere with the State proceeding but deals with events that have occurred by additional parties that specifically deals [sic] with cognizable constitutional claims of these individuals in their "[i]ndividual [c]apacities" since the original filing of the plaintiff's original complaint, whereupon, these claims are, and do have some relationship to the original claims but they were "committed" by these individuals who are no longer participants in any litigation process that pertains to the plaintiff's complaint is [sic] filed out of bad faith, or intended to delay....

(Doc. 10 at 2 of 3).

[3]The court notes that the plaintiff's pleadings indicate that the criminal case is still pending and proceeding and that he has had at least five different counsel appointed to represent him.  (See Doc. 1 at 14 of 26).